### TIMMINS v. UNITED STATES.

### UNITED STATES

v.

### McGINNIS & TIMMINS.

#### Civ. A. No. 10318.

United States District Court
E. D. New York.

May 28, 1954.

GALSTON, District Judge.

In conformity with the opinion in this case, I make the following findings of fact and conclusions of law:

#### Findings of Fact

1.  This action was brought pursuant to the Federal Tort Claims Act, 28 U.S.C.A. § 1346.

2.  On the 28th day of January, 1948, the United States Maritime Commission entered into a contract with McGinnis & Timmins, third-party defendant, for the purchase by McGinnis & Timmins of certain mattresses owned by the United States Maritime Commission.

3.  The contract provided for the purchase of the mattresses in an "as is—where is" condition.

4.  The contract further provided for the indemnification of the United States of America by the purchaser against any tort claims arising out of the performance of said contract.

5.  On February 16, 1948, plaintiff, a partner in the firm of McGinnis & Timmins, appeared at Pier 4, Hoboken, New

Jersey, pursuant to the terms of said contract.

6. Pier 4, Hoboken, New Jersey, then was and now is owned, operated, maintained and controlled by defendant, United States of America.

7. At Pier 4, Hoboken, New Jersey, there then was and now is a freight escalator also owned, operated and maintained by defendant, United States of America, leading down from the second floor of a warehouse located at said pier.

8. Following his appearance at said pier and said warehouse, plaintiff took a position at the foot of said escalator and commenced the process of unloading the aforementioned mattresses from the escalator, as they reached the first floor from the second.

9. William Joyce, an employee of the United States Maritime Commission, operated the escalator.

10. At some time during the process of unloading the mattresses from the escalator, plaintiff placed his foot on the escalator.

11. The placing of plaintiff's foot on said escalator was his own free and voluntary act.

12. There was no necessity for plaintiff to place his foot on the escalator in order to unload the mattresses.

13. The act of plaintiff in placing his foot on the escalator constituted negligence on his part.

14. Joyce, standing at the top of the escalator to the right and on the "up" side of the control box, could see all of the escalator and at least three feet of the platform adjoining the escalator on the first floor level.

15. Joyce looked and saw that the platform area was clear before he started the escalator just prior to this accident.

Perry S. Propp and Jacob Rassner, New York City, for plaintiff and third-party defendant (Jack Steinman, New York City, of counsel).

Leonard P. Moore, U. S. Atty., Brooklyn, N. Y., for defendant (Joseph Seviero, Asst. U. S. Atty., of counsel).

16. In so starting said escalator, Joyce was not negligent.

17. The escalator motor, when placed in operation, emitted a humming noise or sound for approximately one or two seconds before the escalator itself began to move.

18. Prior to the happening of this accident, at least 25 mattresses had been unloaded by plaintiff and in concurrence therewith the motor was stopped and started at least 25 times.

19. The escalator was a freight escalator and not intended for passengers. Persons were not permitted on it.

20. There were two signs restricting the use of this escalator, one located on the wall halfway down the escalator facing the operator, reading "Keep Off" and one painted on the outside of the building immediately to the right of the entrance adjacent to the loading platform at the bottom of said escalator, reading "No Walking or Stepping on Escalator".

21. The signs were of sufficient size and their posting sufficiently visible to plaintiff to constitute full and adequate notice to persons in the warehouse that they should not enter upon the escalator.

### Conclusions of Law.

1. Plaintiff's injuries were not caused by any negligence on the part of the defendant.

2. The sole proximate cause of the plaintiff's injuries was his own negligence.

3. The complaint is dismissed with costs.